**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JEAN-PIERRE RONET,

      Plaintiff,

v.                                               CASE NO. 8:26-cv-695-KKM-TGW

SHARON PETERSON,
ELLIOT PEER, and
FLORIDA REALTORS, INC.,

      Defendants.

_____

## REPORT AND RECOMMENDATION

The plaintiff filed a Complaint (Doc. 1) and an Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2). The complaint does not comply with the Federal Rules of Civil Procedure and fails to state a claim upon which relief may be granted. Accordingly, I recommend that the plaintiff's Complaint (Doc. 1) be dismissed without prejudice.

I.

The federal statute governing a litigant's ability to proceed without prepaying filing fees, 28 U.S.C. § 1915(a)(1), is intended to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989). Accordingly, the statute permits a

litigant to commence a civil action without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets demonstrating an inability to pay the filing fee and a statement of the nature of the action showing that the plaintiff is entitled to relief.

Congress recognized that, unlike a paying litigant, an indigent litigant lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Id.* Accordingly, even if a plaintiff establishes indigency, the court must dismiss the case if it determines that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "Unsupported conclusory factual allegations also may be 'clearly baseless.'" Craven v. Florida, No. 6:08-cv-80-Orl-19GJK; 2008 WL 1994976 at *4 (M.D. Fla. May 8, 2008), adopted at *2. To state a claim for relief, a complaint must allege sufficient facts to permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

2

The Court liberally construes pro se pleadings. <u>Tannenbaum</u> v. <u>United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a pro se pleading "must still comply with procedural rules governing the proper form of pleadings." <u>Hopkins</u> v. <u>St. Lucie Cnty. Sch. Bd.</u>, 399 Fed. Appx. 563, 565 (11th Cir. 2010). Thus, a court will not "rewrite an otherwise deficient pleading in order to sustain an action." <u>Campbell</u> v. <u>Air Jamaica Ltd.</u>, 760 F.3d 1165, 1169 (11th Cir. 2014) (citation omitted).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each claim includes specific elements that a plaintiff must establish to demonstrate a legal violation. If a plaintiff fails to allege facts supporting any required element, the claim fails as a matter of law. Merely, reciting the elements of a cause of action, without factual support, is insufficient. Instead, a plaintiff must allege specific facts showing that each element of the claim is satisfied.

## II.

The complaint does not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Notably, the complaint is an impermissible shotgun pleading. The Eleventh Circuit has stated the following:

> A shotgun pleading is a complaint that violates
> either Federal Rule of Civil Procedure 8(a)(2) or

Rule 10(b), or both. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

. . .

"[W]e have identified four rough types or categories of shotgun pleadings." *Weiland*, 792 F.3d at 1321. The first is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The second is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. *Id.* at 1323. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

Barmapov v. Amuial, 986 F.3d 1321, 1324–25 (11th Cir. 2021).

The plaintiff's complaint is a quintessential example of the second, third, and fourth types of shotgun pleadings because it fails to separate each claim into a distinct count and does not identify which defendant is responsible for each claim (Doc. 1, pp. 1-5). As a result, the compliant is impermissibly vague, and the alleged facts are not connected to any cause of action. For example, the plaintiff alleges a violation of the Fourteenth Amendment based on purported deprivation of property, as well

4

as claims for gross negligence and intentional infliction of emotional distress. However, the plaintiff does not allege specific facts to support any of these claims. The plaintiff makes vague statements such as "gross negligence and intentional infliction of emotional distress for the property loss, etc, by Defendants" (Doc. 1, p. 3) but does not state how the defendants were negligent and caused intentional infliction of emotional distress.

With respect to the negligence claim, the plaintiff provides only conclusory assertions and does not plead facts sufficient to establish the required elements. To establish a claim for negligence, a plaintiff must prove that (1) the defendants had a duty of care, (2) the defendants breached their duty of care, (3) the defendants' breach caused the plaintiff harm and was the actual cause and cause-in-fact of the harm, and (4) the plaintiff suffered damages. The complaint fails to allege facts demonstrating how defendants owed a duty to the plaintiff, how that duty was breached, and how such breach proximately caused the plaintiff's damages.

Likewise, the plaintiff's claim for intentional infliction of emotional distress is unsupported by factual allegations showing extreme and outrageous conduct or severe emotional distress. Instead, the plaintiff relies on generalized and conclusory statements, which are insufficient.

Moreover, this complaint does not comply with Rule 10(b) of

the Federal Rules of Civil Procedure which requires a plaintiff to plead discrete claims in separate counts and identify in separate numbered paragraphs the pertinent facts supporting that claim. See McNeil v. United States, 508 U.S. 106, 113 (1993) (pro se litigants must comply with procedural rules that govern pleadings). Here, the plaintiff fails to have separate numbered paragraphs for each alleged claim and detail the necessary facts to support each claim.

Because the complaint does not state a claim under the federal rules, plaintiff's Complaint (Doc. 1) should be dismissed without prejudice. When a complaint is dismissed as deficient, a pro se plaintiff must generally be given one chance to amend his complaint. Silva v. Bieluch, 351 F.3d 1045, 1048-49 (11th Cir. 2003). This plaintiff should be given at least one opportunity to allege a viable claim.

I, therefore, recommend that the plaintiff's Complaint (Doc. 1) be dismissed without prejudice. The plaintiff may file an amended complaint curing the deficiencies along with a renewed motion to proceed in forma pauperis or may pay the filing fee to proceed.

Respectfully submitted,

_Thomas G. Wilson_

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

6

DATED: April 22 , 2026.

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). Under 28 U.S.C. § 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.

7